**Cazzie L. WILLIAMS, Appellant**

v.

**UNITED STATES DISTRICT COURT FOR the DISTRICT OF NEWARK, NEW JERSEY; Federal Bureau of Prisons; United States Department of Treasury.**

No. 11–4028.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 and for

Request for a Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1) Dec. 8, 2011.

Opinion filed: Dec. 20, 2011.

Cazzie L. Williams, Petersburg, VA, pro se.

U.S. Atty. Newark, Office of United States Attorney, Newark, NJ, for Appellee.

Before: AMBRO, JORDAN and VANASKIE, Circuit Judges.

## OPINION

### PER CURIAM.

Pro se appellant Cazzie Williams appeals the District Court's order dismissing his complaint under 28 U.S.C. § 1915(e). We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's order. *See Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir.2000). For the reasons set forth below, we will summarily affirm the District Court's judgment. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

In 2003, Williams pleaded guilty in the District Court to four counts of bank robbery, and the Court sentenced him to 156 months' imprisonment and ordered him to pay $105,797.85 in restitution. Williams filed a notice of appeal, but then withdrew his appeal before briefing.

Williams has since sought to attack his conviction through collateral proceedings. He first filed a motion under 28 U.S.C. § 2255; his central claim was that his plea agreement was defective and that his criminal judgment was consequently void. The District Court rejected this argument on the merits. *See Williams v. United States,* Civ. A. No. 08–1242, 2009 WL 2191178, 2009 U.S. Dist. LEXIS 62725 (D.N.J. July 22, 2009). Williams subsequently filed a petition pursuant to 28

U.S.C. § 2241 advancing a similar challenge to his plea agreement; the District Court concluded that Williams's claims could be pursued only in a § 2255 motion, and thus dismissed the § 2241 petition. *See Williams v. Zickefoose,* Civ. A. No. 10–2953, 2010 WL 5479621, 2010 U.S. Dist. LEXIS 139069 (D.N.J. Dec. 29, 2010).

At issue in this appeal is Williams's most-recent effort to vacate his criminal judgment. He has again argued that he was convicted based on a flawed plea agreement. Therefore, he contends, his incarceration and the restitution award are unlawful. However, he has framed this proceeding as a civil action arising exclusively under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p. He seeks his release from prison and $390 billion in damages.

The District Court dismissed Williams's complaint, concluding that "[r]egardless of how Williams characterizes his pleading here, there is no doubt that he is actually challenging the validity of his conviction." Op. at 13. Williams then filed a timely notice of appeal.

This case requires little discussion. Absent a waiver, sovereign immunity shields the United States and its agencies—including all defendants named here—from suit. *See FDIC v. Meyer,* 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Consent to suit "must be unequivocally expressed" in statutory text, and cannot simply be implied. *White–Squire v. U.S. Postal Serv.,* 592 F.3d 453, 456 (3d Cir. 2010) (internal quotation marks omitted). Congress did not waive the sovereign immunity of the United States in the FDCPA. *See Wagstaff v. U.S. Dep't of Educ.,* 509 F.3d 661, 664 (5th Cir.2007).[1]

---

1. There are other problems with Williams's theory. Most fundamentally, none of the defendants is a "debt collector" as defined in the FDCPA. *See* 15 U.S.C. § 1692a(6)(C).

Moreover, to the extent that Williams's claim for prospective injunctive relief is not barred by sovereign immunity, *cf. Foehl v. United States,* 238 F.3d 474, 477–78 (3d Cir.2001),

Therefore, the District Court properly dismissed the complaint.

We also deny Williams's request to recover his docketing fees. Williams filed a complaint and an application to proceed in forma pauperis; 28 U.S.C. § 1915 makes clear that filing fees shall be assessed, and makes no provision for a refund of such fees. *See* § 1915(b)(1); *cf. Porter v. Dep't of Treasury*, 564 F.3d 176, 179 (3d Cir. 2009).

Accordingly, we will summarily affirm the District Court's judgment.[2] *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

the relief Williams seeks—his immediate release from prison—may be obtained only through habeas corpus proceedings. *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

**2.** While the District Court occasionally used language suggesting that it had converted Williams's complaint into a habeas motion, we conclude that it ultimately (and correctly) treated the complaint as presenting a civil action under the FDCPA. Therefore, Williams does not need to obtain a certificate of appealability to prosecute this appeal.